UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  DANIEL LOPEZ,  Defendant. | 3:08-cr-0040-LRH-VPC  ORDER |

Before the court is defendant Daniel Lopez's ("Lopez") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #31.[1]

**I.     Facts and Procedural History**

On May 21, 2008, Lopez was indicted on three separate charges: (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii); (2) possession of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c); and (3) illegal possession of a firearm by an alien in violation of 18 U.S.C. § 922(g)(5). Doc. #7. Lopez pled guilty to the charge of possession with intent to distribute methamphetamine and was sentenced on January 12, 2009, to one hundred and twenty (120) months incarceration. Doc. #27. Lopez did not appeal his sentence.

---

[1] Refers to the court's docket number.

Subsequently, on August 23, 2010, Lopez filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. Doc. #31.

## II.   Discussion

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005). However, a petitioner must file his §2255 motion within one year from the date the judgment of conviction becomes final. 28 U.S.C. §2255(f)(1).

A judgment becomes final "upon the expiration of the time during which [petitioner] could have sought review by direct appeal." *United States v. Schartz*, 274 F.3d 1120, 1123 (9th Cir. 2001). If a defendant does not file a direct appeal, the judgment becomes final ten days after entry of judgment. *Id.*; FED. R. APP. P. 4(b)(1).

Here, Lopez was sentenced on January 12, 2009, and did not appeal his sentence. Therefore, his sentence and judgment became final ten days later on March 9, 2009. Because Lopez did not file his §2255 motion until August 23, 2010, six months after the one-year period expired, the court finds that his § 2255 motion is untimely.

The court may toll the one-year limitations period if the court finds: (1) that the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist to warrant equitable tolling. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). The court has reviewed the documents and pleadings on file in this matter and finds that Lopez did not diligently pursue his rights and has not demonstrated any extraordinary circumstances warranting equitable tolling of the statute of limitations. Lopez's sole basis for equitable tolling of the statute of limitations is that he sometimes had limited access to legal materials because the facility he is

1 incarcerated in houses a large number of inmates. However, the court finds that Lopez's
2 intermittent access to legal materials in itself does not justify Lopez's additional six month delay in
3 filing the present motion. Therefore, the court shall not toll the limitations period in this instance.
4 Accordingly, the court shall deny Lopez's motion to vacate, set aside, or correct sentence as
5 untimely.

7     IT IS THEREFORE ORDERED that defendant's motion to vacate or correct sentence
8 pursuant to 28 U.S.C. § 2255 (Doc. #31) is DENIED.
9     IT IS SO ORDERED.
10     DATED this 19th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE